IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



| | | |
|---|---|---|
| JAMES E. JENKINS | * | |
| | * | |
| v. | * | Civil No. JFM-00-3162 |
| | * | |
| PATUXENT INSTITUTION | * | |

\*\*\*\*\*

## MEMORANDUM

Plaintiff is a white correctional officer at Patuxent Institution. He has been employed at Patuxent for 19 years and, according to a self-description, he "is a controversial figure because he has been outspoken on racial issues." He contends that because Patuxent's administration is predominantly African-American, it gives African-American correctional officers preferential treatment.

Plaintiff has brought this action under Title VII, asserting that he was wrongfully demoted from the rank of captain to the rank of lieutenant as the result of an incident that occurred in September 1999. (He has subsequently been reinstated as a captain). What occurred is undisputed. Plaintiff and another officer, who is African-American, were selected to attend a training class during the week of September 13, 1999. The class was originally scheduled for five days. However, on Thursday, September 16, all members of the class were excused at approximately 1:00 p.m. because of an approaching hurricane. Under applicable rules, as a result of the early termination of the class plaintiff was required to report for work at 11:48 p.m. on that evening to work until 8:00 the following morning. Plaintiff did not call in to report the cancellation of the class or to request the shift off.



On September 29, 1999, Richard Rosenblatt, the Director of Patuxent, met with plaintiff to discuss the situation. Plaintiff admitted to Rosenblatt that he had been evasive in speaking to the shift commander about when the training class had ended and how long it had been. He said that the reason for this was that the shift commander had called him unnecessarily during the week and that his deception was a way of "getting even." As the discussion continued, plaintiff was untruthful in his answers to Rosenblatt as well. When asked about why he had not called in to report the termination of the class, he stated, among other things, that he had not arrived home until 6:30 p.m. and, when further questioned about the issue, implied that he had been dismissed from the training around 4:30 p.m. In fact, the training class had been terminated at 1:00 p.m. Rosenblatt concluded that plaintiff had misstated material facts both to the shift commander and to himself and demoted him on that basis, agreeing to review his performance four months later. It was after that review had been conducted that plaintiff was reinstated to the rank of captain.

Plaintiff himself admits to unprofessional conduct, and clearly, absent evidence of unlawful discrimination, his demotion was justified. There is no evidence of discrimination. All that plaintiff points to is that the African-American correctional officer who attended the conference with him was not disciplined in any way despite the fact that he had not reported for work on Thursday evening either. However, the record is undisputed that the other officer had called in and requested permission to take leave, using accumulated compensatory time. Further, there is nothing in the record to suggest that the other officer mislead the shift commander or made any misrepresentations to Patuxent's Director.

On these facts it is clear that plaintiff has no viable claim under Title VII. Accordingly, the motion for summary judgement that defendant has filed will be granted.

August 29, 2001

_____
J. Frederick Motz
United States District Judge